**Continuing Abatement Order filed December 13, 2018**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-18-00500-CR**

_____

**JAVANTE CHAUNCEY HASTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1478749**

## CONTINUING ABATEMENT ORDER

On August 30, 2018, this court abated this appeal so the trial court could determine the reason the reporter's record has not been filed. See Tex. R. App. P. 35.3(c). We directed the judge of the 351st District Court to conduct a hearing and make appropriate findings and recommendations regarding the court reporter, prepare a record of the proceedings, and transmit the record of the hearing to this court by October 1, 2018. The requested records have not been filed.

On December 4, 2018, court reporter Lindsay Arredondo notified this court that appellant is not appealing as indigent and has not paid or made arrangements to pay for the reporter's record. **This information requires the trial court to make**

**findings and recommendations on the appellant's ability to pay for the record, not the court reporter's failure to file the record.**

This court is unaware whether appellant is entitled to proceed without the payment of costs. *See* Tex. R. App. P. 37.3(c)(2)(B). Accordingly, we enter the following order. *See* Tex. R. App. P. 35.3(c).

We order the judge of the 351st District Court to immediately conduct a hearing at which appellant, appellant's counsel (if any), and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing and the court's findings and conclusions shall be filed with the clerk of this court by **January 14, 2018**.

The appeal remains abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell